**IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| DARRELL G. HAFEN,<br><br>     Plaintiff,<br><br>          v.<br><br><br>TOM WILLIAMSON and NATIONAL<br>PARK SERVICE,<br><br>     Defendant. | **ORDER ADOPTING REPORT AND<br>RECOMMENDATION**<br><br><br><br>Civil No. 2:07-cv-646 |

Before the court is the Report and Recommendation ("R&R") (#13) issued by United

States Magistrate Judge Warner on September 26, 2007, recommending that the court take the

following actions: (1) dismiss plaintiff's complaint as frivolous under the *in forma pauperis*

statute; (2) deny plaintiff's motion for leave to amend his complaint as futile; (3) deny plaintiff's

motions for appointment of counsel; (4) deny plaintiff's motions for temporary restraining

orders; and (5) deny plaintiff's motion for direction.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court now makes a de

novo determination upon the record of the portions of Magistrate Judge Warner's disposition to

which the court has received specific written objections. Subsequent to the issuance of the R&R,

plaintiff has filed three documents within the period allowed for objections, styled as follows:

Motion for Reconsideration (#14); Motion for Immediate Restraining Order (#15); and Motion

for Procedure Clarification (#16). As plaintiff is proceeding pro se, the court construes his

pleadings liberally.[1]  Accordingly, the court considers these documents both as objections to the R&R and as independent motions.

In his Motion for Reconsideration (#14), plaintiff objects to the recommendation that the court deny his motion for leave to amend (#7).  Plaintiff cites the case of *Hafen v. Carter*,[2] in which he is also a party, for the correct proposition under Federal Rule of Civil Procedure 15(a), that he has a right to amend his complaint  "once as a matter of course," as no responsive pleading to his complaint has been served.  However, the Tenth Circuit also clearly recognized in that case that "the right to amend as a matter of course is not absolute," and that "a court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss."[3]  Although the *Carter* case, as per its designation as an unpublished opinion, is not binding precedent, the court is satisfied that it properly states the law.  Therefore, as the court fully agrees with Magistrate Judge Warner's assessment that plaintiff's complaint should be dismissed as frivolous under the *in forma pauperis* statue,[4] the court need not allow plaintiff leave to amend his complaint if such amendment would not cure the frivolity thereof.  Plaintiff has not set forth any additional facts or claims in either his Motion to File Amended Complaint (#7) or his Motion for Reconsideration (#14) that would establish a non-frivolous basis upon which his case could proceed.

---

[1] *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (2003).

[2] Order and Judgment, *Hafen v. Carter*, No. 07-4123 (10th Cir. Sep. 10, 2007).

[3] *Id.* at 6 (quoting *Crestview Vill. Apartments v. United States Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004)) (internal quotation marks omitted); *see also Bradley v. Val-Mejias*, 379 F.3d 892, 901(10th Cir. 2004)

[4] 28 U.S.C. § 1915(e)(2)(B)(I).

2

Accordingly, the court finds that plaintiff's Motion for Reconsideration (#14), and any objection to the R&R stated therein, are without merit.

In his Motion for Immediate Restraining Order (#15), plaintiff essentially restates his claims in the case without making any specific objection to the R&R and then asks for "an immediate hearing on the restraiing [sic] order."  As plaintiff's position remains unchanged, the court finds, for the reasons stated in the R&R regarding plaintiff's previous motions for restraining orders, that this motion, and any objection to the R&R stated therein, are likewise without merit.

Lastly, in his Motion for Procedure Clarification (#16), plaintiff asks the court for "an immediate hearing" regarding the status of an "immediate restraining order" for which he has "not heard back from the court."  In light of plaintiff's statement that "he has received notice by Judge Warner denying every motion the Plaintiff has made,"[5] the court is unsure as to what "immediate restraining order" plaintiff is referring.  As the R&R carefully explains the recommended disposition of each of plaintiff's motions up to the date of its issuance, the court finds no need for clarification regarding any of plaintiff's motions in this case beyond the explanation given in the R&R and this order.

Having reviewed the matter de novo, the court finds that the record fully supports the R&R.  Consequently, the court ADOPTS the R&R (#13) and in accordance therewith DISMISSES plaintiff's complaint (#3); DENIES plaintiff's Motion to File Amended Complaint (#7); DENIES plaintiff's Motions for Appointment of Counsel (#4, #6); DENIES plaintiff's Motions for Temporary Restraining Orders (#8, #12); and DENIES plaintiff's Ex-Parte Motion

---

[5] Pl.'s Mot. Immediate Restraining Order (Docket No. 15).

for Direction (#11).  And for the reasons set forth above, the court DENIES plaintiff's Motion for

Reconsideration (#14), plaintiff's Motion for Immediate Restraining Order (#15), and plaintiff's

Motion for Procedure Clarification (#16).  The clerk's office is directed to close the case.

      SO ORDERED.

      DATED this 15th day of October, 2007.

BY THE COURT:

_____

Paul G. Cassell,
United States District Judge